Feltus v. Anders and others.

ABRAM M. FELTUS *v.* M. G. ANDERS and others, Master and
Owners of the Steamer Swallow.

The act of 25th March, 1840, chap. 80, relative to the transporting of slaves out of
the State, against the will of their owners, applies to all slaves received on board
of a steamer, or other vessel, within this State, without the written consent of their
owners, wherever the latter may reside, whether in, or out of this State.

Under the first section of the act of 25th March, 1840, the testimony of a witness em-
ployed on any steamer or other vessel, on board of which a slave shall have been
found, without the written consent of his or her owner, is inadmissible to destroy
the legal presumption, established by that act, that the master and owners have re-
ceived, or hidden, or suffered such slave to remain on board with the intention of
depriving the owner thereof, or of transporting him or her out of the State, or from
one part thereof to another ; but it is admissible to disprove any statements in re-
lation to the facts out of which this presumption grows, such as the finding of the
slave on board, the taking from some point within the State, &c.

APPEAL from the District Court of the First District, *Bucha-*
*nan,* J.

*W. J. Vason,* and *P. W. Farrar,* for the plaintiffs.

*L. Elwyn,* for the appellants.

MORPHY, J. The defendants, master and owners of the steam-
boat Swallow, are appellants from a judgment condemning them,
*in solido,* to pay a fine of $500, under the act of 1840, amending
the various acts passed for the purpose of preventing slaves from
being transported, or conducted out of the State, against the will of
their masters. It is urged by their counsel, that as the plaintiff is
a resident of Mississippi, and his slave has not been taken out of
that State, he cannot invoke the law of 1840, which applies only
to slaves belonging to citizens or residents of Louisiana. Had
plaintiff's slaves been taken or received on board of the Swallow
in the State of Mississippi, it is clear that the act would have
been no violation of our law ; but the evidence fully establishes,
that the boy, who was found by an agent of the plaintiff on board
of this boat at Natchez, without the written consent of his master,
was taken or received on board from some point not exactly shown,
but within the limits of this State. He was seen on board, and
recognized by a passenger, shortly after the boat had left the land-
ing at Bayou Sara, on her way up the river ; and the claim made

of the plaintiff's agent by the captain, for the passage money usually charged between New Orleans and Natchez, strongly implies, if it does not prove, that the slave was taken from the port of New Orleans, as charged in the petition. The law is general in its terms, and applies to all slaves received on board of a steamboat or vessel within this State, without the written consent of their owners, whatever may be the residence of the latter.

Our attention was next called to a bill of exceptions taken to the opinion of the inferior Judge, excluding as a witness the clerk of the boat, who was offered to disprove the testimony of Foster, plaintiff's principal witness, to corroborate that of Yerby and Williams, two of defendants' witnesses, and to sustain the defence generally. The first section of the act of 1840, establishes the presumption in relation to slaves found on board of steamboats, or other vessels, without the written consent of their owners, that the master and owners thereof have received such slaves on board, or have hidden them, or have suffered them to remain on board, with the intention of depriving their masters of them, and of transporting them out of the State, or from one part of the State to another; and it provides, that this presumption of the law shall not be destroyed but by the testimony of at least two witnesses, not employed on board of said vessel, and by corroborating circumstances. See acts of 1840, p. 89.

It appears to us, that the testimony of this witness was properly excluded, so far as it went to show circumstances tending to do away with, or destroy, the legal presumption established by the statute, because he was a person employed on board; but his testimony was clearly admissible to disprove any statements made in relation to the facts out of which this presumption grows, such as the finding of the slave on board, his being taken from some point within the State, &c. On examining the testimony excluded, which comes up annexed to the bill of exceptions, we do not find that it controverts any of the facts which form the basis of the presumption established by the statute; and we disregard all that portion of it which goes to show, that the intention of the defendants was not that implied by the law from such facts. On the merits, the case appears to us fully made out.

*Judgment affirmed.*